IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 18-1291 |
| v. | ) |
| | ) |
| BLACK POPE, et al. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Asia Johnson ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that names in the caption "Black Pope" and "Papal Bloodline" and indicates "Black Pope, His holiness Pope Francis," ("defendants') as the defendants under section I.B of the complaint. (ECF No. 3 at 2).

This court granted plaintiff leave to proceed *in forma pauperis* based upon her showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("[T]he appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint."). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any

1

time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

Plaintiff's complaint indicates at the same time that the basis for federal court jurisdiction is diversity of citizenship by checking the box for diversity on the complaint form, (ECF No. 3 at 4), 28 U.S.C. § 1332(a)(2) (providing for the court's original jurisdiction over matters between "citizens of a State and citizens or subjects of a foreign state"), but indicates on her civil cover sheet that her claim is brought pursuant to the "False Claims Act."[2] (ECF No. 1-2 at 1).

The statement in the complaint of plaintiff's claim against the defendants is written in a stream of consciousness style and states in its entirety:

> This new world order emergence of the Anti-Christ! These people government officials to are acting out criminal behaviors trying to steal my identity and my son to have people act like us stealing my work faking deaths for wealth and power pizzagated[3] my son having people jump me follow me attack me on social media putting me in the mental hospital for telling the truth sexually assaulted me by the hospital staff and the police officer police tried to run me over with his car for walking out the store told the hospital I called him satan but lied.

(ECF No. x at 5). With respect to the amount in controversy, plaintiff seeks "no money ask for Jesus and Yahweh grace and mercy!" Id. She seeks as relief to "openly worship Jesus." (ECF No. x at 6).

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines it is legally frivolous and fails to state a claim. There are no allegations by plaintiff sufficient to show, or even at all, that the defendants took any action that caused her harm or for which she seeks relief. The court cannot perceive the

---

[2] "The False Claims Act imposes civil liability on 'any person who ... knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval.'" Universal Health Services, Inc. v. U.S., 136 S.Ct. 1989, 1999 (2016) (quoting 31 U.S.C. § 3729(a)(1)(A)).
[3] The phrase "pizzagated" appears to be a reference to a threatening call by Mr. Yusif Lee Jones made to the Beta Pizza shop in Washington, D.C. with respect to which Mr. Jones plead guilty to interstate threatening communications. Press Release, U.S. Dep't of Justice, Shreveport Man Pleads Guilty to Threatening Washington, D.C., Pizzeria, 2017 WL 193200 (Jan. 12, 2017).

basis for any claim by plaintiff under the False Claims Act. Thus, she fails to state a claim against defendants. Johnson v. Elizabeth, 733 F. App'x 28, 29 (3d Cir. 2004). The allegations likewise are fantastic and delusional, and thus baseless. Neitzke 490 U.S. at 328.

Based on the foregoing, the court will dismiss the complaint as frivolous and for failure to state a claim. Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). "Based on her allegations, there are no additional facts [plaintiff] could plead that would overcome the deficiencies in her complaint." Johnson v. Elizabeth, 733 F. App'x at 29. Accordingly, the court will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: October 16, 2018

By the court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc: Asia Johnson
1807 West St., Apt. 2
Munhall, PA 15120

4